# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARMEN CORTEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-19-311-J |
| | ) |
| ANDREW SAUL, | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff, Carmen Cortez, seeks judicial review of the Social Security Administration's (SSA) denial of her applications for disability insurance benefits (DIB) and supplemental security income (SSI). The Commissioner has filed the Administrative Record (AR) [Doc. No. 12], and both parties have briefed their positions.[1] For the reasons set forth below, the Court affirms the Commissioner's decision.

**I.     Procedural Background**

On January 30, 2018, an Administrative Law Judge (ALJ) issued an unfavorable decision finding Plaintiff was not disabled and, therefore, not entitled to DIB or SSI. AR 22-38. The Appeals Council denied Plaintiff's request for review. *Id.* at 1-6. Accordingly, the ALJ's decision constitutes the Commissioner's final decision. *See Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011). Plaintiff timely commenced this action for judicial review.

---

[1] Citations to the parties' briefs reference the Court's CM/ECF pagination.

## II.     The ALJ's Decision

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009) (explaining process); *see also* 20 C.F.R. §§ 404.1520, 416.920. Following this process, the ALJ first determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of October 13, 2015. AR 25.

At step two, the ALJ determined Plaintiff suffers from the severe impairments of obesity, multiple sclerosis, hypertension, depression, and somatoform disorder. *Id*. At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1. *Id.* at 27.

The ALJ next determined Plaintiff's residual functional capacity (RFC), concluding that Plaintiff could perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), with the following additional restrictions:

> [Plaintiff] can never climb ladders, ropes, and scaffolds, she can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; and she can frequently reach, handle, and finger. [Plaintiff] is able to understand, remember, and carry out simple, routine, repetitive tasks with no strict production requirements. She can tolerate occasional changes in the work setting and occasional interaction with supervisors, co-workers, and the public.

*Id.* at 29.

At step four, the ALJ determined Plaintiff was unable to perform any past relevant work. *Id.* at 36. The ALJ then proceeded to step five and, relying on the testimony of a vocational expert (VE), found Plaintiff can perform work existing in significant numbers in the national economy. *Id.* at 37-38. Specifically, the ALJ found Plaintiff can perform the requirements of representative jobs such as laundry sorter, night cleaner, produce weigher, and laminating-machine offbearer. *Id.*

at 38. Therefore, the ALJ concluded that Plaintiff is not disabled for purposes of the Social Security Act. *Id*.

## III. Claims Presented for Judicial Review

Plaintiff brings three allegations of error: (1) the ALJ failed to consider all of Plaintiff's impairments at step two of the evaluation process; (2) the ALJ failed to properly weigh the medical evidence; and (3) the ALJ erred at step five. Pl.'s Br. [Doc. No. 18] at 7-10, 10-12, 12-14. For the reasons set forth below, the Court affirms the Commissioner's decision.

## IV. Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009); *see also Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (holding that the court only reviews an ALJ's decision "to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied" and in that review, "we neither reweigh the evidence nor substitute our judgment for that of the agency" (citations and internal quotation marks omitted)). Under such review, "common sense, not technical perfection, is [the Court's] guide." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012).

## V. Analysis

### A. Whether the ALJ considered all of Plaintiff's impairments at step two

Plaintiff first argues remand is required because the ALJ failed to consider all of Plaintiff's impairments at step two of the evaluation process. Pl.'s Br. at 7. Specifically, Plaintiff argues the ALJ did not properly consider Plaintiff's pain disorder, asserting that the ALJ did not "specifically state whether the following impairment is medical [sic] determinable, severe, or non-severe: pain disorder." *Id.* at 7; *see also id.* at 10 ("Clearly [Plaintiff] has a pain disorder which should have

3

been considered in its own right; yet there is no discussion by the ALJ to determine if [Plaintiff's] pain disorder is severe or non-severe."). But the ALJ found Plaintiff had the severe impairment of somatoform disorder, which is a pain disorder. AR 25; *see also* 20 C.F.R. Part 404, Subpart P, App. 1, § 12.00(B)(6) (describing somatic symptom and related disorders). As such, Plaintiff either misapprehends or misstates the record; in either instance, her argument fails.

Plaintiff also alleges the ALJ failed to mention specific diagnoses in Plaintiff's medical record. Pl.'s Br. at 8, 9. It is not, however, necessary to determine whether such omissions were erroneous because any error the ALJ may have committed at step two "became harmless when the ALJ reached the proper conclusion that [Plaintiff] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence." *Carpenter v. Astrue,* 537 F.3d 1264, 1266 (10th Cir. 2008).

Additionally, Plaintiff argues that, because the ALJ ignored Plaintiff's pain disorder and other diagnoses, the ALJ failed to consider all of Plaintiff's impairments in combination throughout the evaluation process. Pl.'s Br. at 10. As set forth above, the ALJ did not ignore Plaintiff's pain disorder. Moreover, though the ALJ may not have discussed specific diagnoses, the ALJ is to focus on functional limitations, not simply diagnoses. *See Paulsen v. Colvin*, 665 F. App'x 660, 668 (10th Cir. 2016) ("Diagnosis of a condition does not automatically mean that the claimant is disabled; what matters is whether the condition results in work-related limitations."). Here, Plaintiff has pointed to no evidence of functional limitations the ALJ failed to consider. *See* Pl.'s Br. at 7-10. And the ALJ noted her duty to consider 'all impairments" in making the RFC finding; stated that she considered Plaintiff's "combination of impairments" in determining that Plaintiff was not disabled, per se, at step three; and considered "all symptoms" in determining the RFC. AR 24, 25, 27, 29. The Court takes the ALJ at her word. *See Wall*, 561 F.3d at 1070

("Where, as here, the ALJ indicates [she] has considered all the evidence our practice is to take the ALJ at [her] word." (internal quotation marks omitted)). Plaintiff's first arguments are without merit.

B.  **Whether the ALJ properly weighed the medical evidence**

Plaintiff argues the ALJ improperly weighed the Medical Source Statement provided by Plaintiff's treating physician, Phillip E. Washburn, M.D. Pl.'s Br. at 11; *see* AR 662-64. When considering a treating physician's medical opinion, the ALJ must follow a two-step process, generally known as the treating physician rule. The ALJ "must first consider whether the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques." *Mays v. Colvin*, 739 F.3d 569, 574 (10th Cir. 2014) (internal quotation marks omitted). "If the ALJ finds that the opinion is well-supported, [the ALJ] must then confirm that the opinion is consistent with other substantial evidence in the record." *Id.* (internal quotation marks omitted). If the ALJ determines the medical opinion is deficient in either of these respects, the ALJ may give the opinion less than controlling weight. *Id.* If the ALJ finds that a treating physician's medical opinion is not entitled to controlling weight, the ALJ must proceed to the second phase of the inquiry to determine what weight to give the opinion "and give good reasons, tied to the factors specified in the [governing] regulations for this particular purpose, for the weight assigned." *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011).

Under this legal framework, then, the opinion of a treating physician is properly denied controlling weight if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence. And the opinion may be rejected outright if the ALJ gives "specific, legitimate reasons for doing so," relating to such matters as "the degree to which the physician's opinion is supported by relevant evidence," the "consistency between the opinion and the record as a whole," and any "other factors . . . which

5

tend to support or contradict the opinion." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (internal quotation marks omitted); *see also* 20 C.F.R. §§ 404.1527 (listing factors), 416.927 (same).

The ALJ explained that she gave little weight to Dr. Washburn's opinion because it was not supported by objective medical evidence and was not consistent with the longitudinal treatment history discussed earlier in her decision. AR 35. Both lack of supportability and lack of consistency with the record as a whole are valid reasons for discounting a treating physician's opinion. *Watkins*, 350 F.3d at 1300; 20 C.F.R. §§ 404.1527(c)(3) (ALJ will consider how much relevant evidence supports a medical opinion as well as the explanation provided for the opinion), (4) (ALJ will consider consistency with the record as a whole), 416.927(c)(3) (same), (4) (same).

Plaintiff does not allege that the ALJ was incorrect in finding that Dr. Washburn's opinion was not supported by objective medical evidence, *see* Pl.'s Br. at 11, and the Court finds the ALJ's reasoning to be proper. *See* 20 C.F.R. §§ 404.1527(c)(3) ("The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight [the ALJ] will give that medical opinion."), 416.927(c)(3) (same).

Nor Plaintiff does allege the ALJ was incorrect in finding Dr. Washburn's opinion was not consistent with Plaintiff's treatment history, *see* Pl.'s Br. at 11, and the Court finds the ALJ's reasoning to be proper. *See Watkins*, 350 F.3d at 1301 (ALJ will consider "consistency between the opinion and the record as a whole"). In discussing the weight given to Dr. Washburn's opinion, the ALJ further explained that Dr. Washburn's contemporaneous treatment records reflected "normal gait and station as well as normal motor strength and tone, normal movement of all extremities, and normal sensation and reflexes." AR. 35; *see White v. Barnhart*, 287 F.3d 903, 907 (10th Cir. 2002) (finding discrepancy between treating physician's very restrictive functional

assessment and contemporaneous examination a legitimate factor for rejecting that opinion). The ALJ also more thoroughly discussed Dr. Washburn's treatment records previously in her decision. *See* AR 33, 35; *see also Simmons v. Colvin*, 635 F. App'x 512, 515 (10th Cir. 2015) ("The ALJ also properly relied on the fact that [the treating physician's] impairment ratings on the forms were far more extreme than his own treatment notes would suggest."). And, as the ALJ referenced, she thoroughly discussed Plaintiff's full longitudinal treatment history previously in the decision. *See* AR 30-35; *see also Allman v. Colvin*, 813 F.3d 1326, 1332 (10th Cir. 2016) (finding that substantial evidence supported ALJ's decision to give little weight to treating physician's opinion when opinion "was not consistent with the other substantial evidence in the record" (internal quotation marks omitted)). Plaintiff's assertions that Dr. Washburn's opinion reflects Plaintiff's condition when she is "in the active state of a multiple sclerosis and/or lupus flare" does not negate the ALJ's finding that neither Dr. Washburn's treatment records nor the medical record as a whole was consistent with the limitations contained in Dr. Washburn's opinion. *See* Pl.'s Reply [Doc. No. 27] at 1-2.

As such, the ALJ applied the proper factors and her findings were "sufficiently specific to make clear to any subsequent reviewers the weight [she] gave to the treating source's medical opinion and the reason for that weight." *Krauser*, 638 F.3d at 1331 (internal quotations marks and brackets omitted). The Court finds no reversible error in the ALJ's evaluation of Dr. Washburn's medical source statement. *See Krauser*, 638 F.3d at 1330-31; *Watkins*, 350 F.3d at 1300-01.[2]

---

[2] Plaintiff argues the ALJ further erred in describing Dr. Washburn's opinion as based on Plaintiff's "low back pain and 'other impairments,'" rather than specifying Plaintiff's lupus, multiple sclerosis, depression, migraines, and colitis. Pl.'s Br. at 11, citing AR 664. Plaintiff has not shown that the ALJ's terminology caused prejudice and Plaintiff's argument does not undermine the substantial evidence supporting the ALJ's determination to discount Dr. Washburn's opinion.

7

Plaintiff also asserts that the state agency physicians who reviewed Plaintiff's medical records, and whose opinions the ALJ gave "substantial weight," were "operating under a mistaken assumption" that Plaintiff did not have multiple sclerosis. Pl.'s Br. at 11-12; AR 35. Plaintiff is incorrect; both state agency physicians recognized Plaintiff's multiple sclerosis. *See* AR 86, 88, 117, 119.

### C. Whether the ALJ performed a proper step-five determination

At step five, the burden shifts to the Commissioner to show that the claimant retains a sufficient RFC to perform work, existing in significant numbers in either the regional or national economy, given the claimant's age, education and work experience. *See Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010); *see also Lane v. Colvin*, 643 F. App'x 766, 771 (10th Cir. 2016) ("The relevant test at step five in a disability case is whether there is a significant number of jobs in the regional or national economy." (citing *Raymond v. Astrue*, 621 F.3d 1269, 1274, n.2 (10th Cir. 2009))). Plaintiff claims the Commissioner failed to satisfy this burden. Specifically, Plaintiff argues the ALJ's finding of 55,300 available jobs is not sufficient to constitute "a significant number of jobs in the national economy."[3] Pl.'s Br. at 12.

In *Rogers v. Astrue*, 312 F. App'x 138 (10th Cir. 2009), the court implied that 11,000 nationally available jobs was a significant number, *id.* at 142, and in *Lynn v. Colvin*, 637 F. App'x 495 (10th Cir. 2016), the court found that 24,900 jobs available throughout the nation was "significant." *Id.* at 499. Applying these cases, the Court has no difficulty concluding that 55,300 jobs is a significant number for purposes of step five of the sequential process. *See Washington v. Saul*, No. 18-1286-EFM, 2019 WL 4080925, at *4 (D. Kan. Aug. 29, 2019) ("There is no doubt

---

[3] Plaintiff argues that the ALJ found an aggregate of 59,600 jobs available nationally. Pl.'s Br. at 12. The Court calculates the total number of jobs cited by the ALJ to be 55,300. *See* AR 38.

that 53,000 is a significant number of available jobs."); *Sly v. Berryhill*, No. CIV-17-781-BMJ, 2018 WL 1954836, at *3 (W.D. Okla. Apr. 25, 2018) (finding that 32,000 jobs is a significant number of available jobs); *Breslin v. Colvin*, No. CIV-15-100-SPS, 2016 WL 5408126, at *4 (E.D. Okla. Sept. 28, 2016) (finding that 54,000 jobs available nationally is significant); *Fox v. Colvin*, No. CIV-14-489-R, 2015 WL 5178414, at *4 (W.D. Okla. Sept. 3, 2015) (finding that 32,000 jobs available in the national economy is significant). Plaintiff's argument is unavailing.

Though included in the section of Plaintiff's brief alleging errors at step five of the evaluation process, Plaintiff's final argument is that the ALJ erred in her RFC determination at step four because she did not incorporate limitations contained in Dr. Washburn's medical source statement or account for sedating effects of Plaintiff's medication. Pl.'s Br. at 13. As set forth above, the ALJ properly discounted Dr. Washburn's opinion. Accordingly, she was not required to accept the limitations contained therein. *See Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000) (finding no error when the ALJ did not include in the RFC limitations that were not supported by the medical record).

Additionally, in asserting that medication side effects should have been accounted for in the RFC, the only support Plaintiff provides is citation to her statement that some of her medications cause drowsiness. Pl.'s Br. at 13, citing AR 334. But the ALJ was not "obliged . . . to categorically credit [Plaintiff's] testimony" regarding medication side effects. *White v. Comm'r of Soc. Sec. Admin.*, No. CIV-16-439-HE, 2017 WL 986210, at *4 (W.D. Okla. Feb. 14, 2017) (R&R), adopted, *White v. Berryhill*, 2017 WL 979069 (W.D. Okla. Mar. 13, 2017). And here, the ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. AR 30. Plaintiff has not challenged the ALJ's determination not to accept Plaintiff's statements,

*see* Pl.'s Br. at 13, and Plaintiff has shown no error in the ALJ's determinations at either step four or step five.

## VI.     Conclusion

For the reasons set forth, the Commissioner's decision is AFFIRMED. A separate judgment shall be entered.

ENTERED this 4th day of February, 2020.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE